UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROXANN D.,

                Plaintiff,

v.                                               6:21-CV-0345
                                               (ML)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                             OF COUNSEL:

OLINSKY LAW GROUP                ALEXANDER C. HOBAICA, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street-Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     MOLLY CARTER, ESQ.
  Counsel for the Defendant              Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER**

       Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c),
has been treated in accordance with the procedures set forth in General Order No. 18.  Under
that General Order once issue has been joined, an action such as this is considered procedurally,
as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure.

argument was heard in connection with those motions on September 8, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is DENIED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 18) is GRANTED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)      Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 9, 2022
         Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
D

vs.                                    6:21-CV-0345

COMMISSIONER OF SOCIAL SECURITY


_____



DECISION AND ORDER


September 8, 2022


The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE



A P P E A R A N C E S


For Plaintiff:       ALEXANDER HOBAICA, ESQ.


For Defendant:       MOLLY CARTER, ESQ.


*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1        THE COURT:  All right.  The Court's going to begin

2    its decision and analysis as follows:

3        So first, plaintiff has commenced this proceeding

4    pursuant to Title 42 United States Code Sections 405(g) and

5    1383(c) to challenge the adverse determination by the

6    Commissioner of Social Security finding that she was not

7    disabled at the relevant times and therefore ineligible for

8    the benefits that she sought.

9        By way of background, the Court notes as follows:

10   Plaintiff was born in 1984.  She is currently approximately

11   37 years of age.  She was approximately 32 years of age at

12   the alleged onset of her disability on May 13 of 2017.

13   Plaintiff stands approximately 5 feet 2 inches in height and

14   weighs approximately 208 pounds.

15       Plaintiff has a GED and an apprentice electrician

16   certificate.

17       Procedurally, the Court notes as follows for this

18   case:  Plaintiff applied for Title II and Title XVI benefits

19   on October 12, 2017, alleging an onset date of May 13, 2017.

20   In support of her claim for disability benefits, plaintiff

21   claims disability based on physical impairments.

22       Administrative Law Judge Mary Sparks conducted a

23   hearing on August 30th, 2019, to address plaintiff's

24   application for benefits.  ALJ Sparks issued an unfavorable

25   decision on November 13, 2019.  That became a final

1   determination of the agency on January 2, 2021, when the

2   Social Security Administration Appeals Council denied

3   plaintiff's application for review.

4           This action was commenced on March 25th of 2021,

5   and it is timely.

6           In her decision, ALJ Sparks applied the familiar

7   five-step test for determining disability.

8           At step one, the ALJ concluded that plaintiff had

9   not engaged in substantial gainful activity since May 13 of

10  2017, the alleged onset date.

11          At step two, the ALJ concluded that plaintiff

12  suffers from severe impairments that impose more than

13  minimal limitations on her ability to perform basic work

14  activities.  Specifically the ALJ found that plaintiff

15  suffers from status post -- status post total disc

16  replacement C5 through C6 and C6 through C7; disc bulge at

17  C5 through C6; degenerative changes to the cervical spine;

18  and also obesity.

19          At step three, ALJ Sparks concluded that

20  plaintiff's conditions do not meet or medically equal any of

21  the listed presumptively disabling conditions set forth in

22  the commissioner's regulations.  And the ALJ focused on

23  listings 1.04 dealing with disorders of the spine; 1.00

24  dealing with musculoskeletal disorders; and SSR 19-2p

25  dealing with obesity.

1      Next, the ALJ determined that plaintiff retains
2  the residual functional capacity to perform light work
3  except that she requires the option to sit or stand
4  alternatively and at will, and provided she is not off task
5  more than 10 percent of the workday.  The ALJ continued,
6  plaintiff can no more than occasionally use the left upper
7  extremity to perform pushing or pulling; that plaintiff can
8  never crawl and climb ladders, ropes, or scaffolds; that no
9  more than occasionally can the plaintiff climb ramps or
10  stairs, stoop, crouch, and kneel; that plaintiff can perform
11  no more than occasional rotation, flexion, and, excuse me,
12  or extension of the neck.  The ALJ continued that plaintiff
13  can perform no more than occasional reaching, including
14  overhead, with the left upper extremity.  And, lastly, the
15  ALJ noted that plaintiff can perform no more than frequent
16  feeling with the left upper extremity.

17      At step four, the ALJ concluded that based on the
18  testimony of the vocational expert plaintiff could perform
19  her past relevant work as unit clerk as actually performed
20  and is therefore not disabled.

21      In the alternative, the ALJ proceeded to step five
22  and concluded that based on the testimony of the vocational
23  expert and considering plaintiff's age, education, work
24  experience, and RFC, she is capable of performing the
25  requirements of representative occupations such as routing

1    clerk, toll collector, and dealer accounts investigator.

2           Thus, the ALJ found that plaintiff was not

3    disabled.

4           Now, as you know, the Court's functional role in

5    this case is limited and extremely deferential.  I must

6    determine whether correct legal principles were applied and

7    whether the determination is supported by substantial

8    evidence, defined as such relevant evidence as a reasonable

9    mind would find sufficient to support a conclusion.  As the

10    Second Circuit Court of Appeals noted in the case of

11    Brault V. Social Security Administration Commissioner,

12    that's found at 683 F.3rd 443, a 2012 Second Circuit case,

13    the Circuit noted that this standard is demanding, more so

14    than the clearly erroneous standard.  The Second Circuit

15    noted in Brault that once there is a finding of fact, that

16    fact can be rejected only if a reasonable fact-finder would

17    have to conclude otherwise.

18           Now, on appeal in this matter plaintiff raises two

19    contentions.  First, plaintiff argues that substantial

20    evidence does not support the ALJ's RFC determination

21    because the ALJ failed to adequately evaluate the opinions

22    of treating physicians Dr. Karen Banks-Linder and

23    Dr. Michael Miller.  And, secondly, plaintiff also contends

24    and argues that the ALJ failed to properly evaluate

25    plaintiff's subjective symptoms.

1          The Court begins its analysis and sets forth as

2    follows:

3          With respect to plaintiff's first argument, that

4    the ALJ improperly evaluated the opinions of

5    Dr. Banks-Linder and Dr. Miller, there are three opinions at

6    issue.  First, December 7th -- December of 2017 there is an

7    opinion from Dr. Banks-Linder that the ALJ found generally

8    persuasive, and plaintiff does not challenge that finding as

9    it relates to this opinion.

10          Secondly, there is an opinion of August 2019 from

11    Dr. Banks-Linder which the ALJ did not find persuasive, and

12    plaintiff challenges this -- this finding as to this

13    opinion.

14          And then, thirdly, there is an opinion of August

15    2019 from Dr. Miller which the ALJ did not find persuasive,

16    and plaintiff challenges the ALJ's finding as to this

17    opinion.

18          As defendant identified in her brief,

19    Dr. Banks-Linder opined that the limitations outlined in her

20    medical source statement dated December 13, 2017, quote,

21    existed to the same degree since at least, end of quote, May

22    2017.  See docket number 11 at 390, transcript page 386.

23    When Dr. Banks-Linder provided a new medical source

24    statement dated August 28th of 2019, which included

25    significantly more limitations, she opined again that the

1   limitations, quote, existed to the same degree since May 13,

2   2017, end quote.  See docket number 11 at 691, transcript

3   page 687.  As the ALJ concluded, Dr. Banks-Linder's opinions

4   are inconsistent because she opined that plaintiff had two

5   very different levels of limitation during the same time

6   period; at least May 2017 through December 13th of 2017.

7   This inconsistency was a reasonable basis for the ALJ's

8   determination that Dr. Banks-Linder's opinion dated

9   August 28, 2019 was not persuasive.

10          Although plaintiff argues and points to evidence

11   in the record supporting her contention that her condition

12   worsened after her neck surgery, there was also evidence in

13   the record as highlighted by defendant and the ALJ

14   supporting the conclusion that plaintiff's condition did not

15   significantly change between December 2017 and August 2019.

16   In addition, the ALJ supportably concluded that evidence in

17   the record did not support Dr. Banks-Linder's August 2019

18   off task and absenteeism limitations.  The fact that some

19   evidence could support plaintiff's position is not enough to

20   compel remand under the deferential substantial evidence

21   standard of review.

22          To the extent that plaintiff argues that the ALJ's

23   explanation was insufficient, I find that argument

24   unpersuasive.  The Social Security Act does not require the

25   ALJ to explain how she considered every piece of evidence in

1    the record.  The ALJ's decision here viewed as a whole is

2    not so obscure as to make judicial review futile.

3          Further, I find that for the reasons stated in

4    defendant's brief, the ALJ supportably found that

5    Dr. Miller's opinion was not persuasive.  As the ALJ noted,

6    Dr. Miller last treated plaintiff approximately two years

7    before rendering his opinion, which was before plaintiff's

8    neck surgery.  As the ALJ supportably concluded, plaintiff's

9    condition improved after her surgery.

10         For these reasons, and the reasons stated in

11   defendant's brief, I find that substantial evidence supports

12   the ALJ's RFC assessment and evaluation of the opinions of

13   Dr. Banks-Linder and Dr. Miller.

14         Second, I find that -- I find that for the reasons

15   stated in defendant's brief, substantial evidence supports

16   the ALJ's evaluation of plaintiff's subjective statements.

17   Moreover, I find that the ALJ's decision included a logical

18   bridge between the evidence of record and her conclusion

19   that plaintiff's surgery was a success and plaintiff's

20   post-surgical symptoms were insignificant.

21         As the ALJ noted, plaintiff underwent neck surgery

22   in November 2017.  The ALJ noted that although plaintiff

23   complained of neck pain and arm pain and weakness in

24   November 2018, being approximately 12 months after her

25   surgery, she did not follow through with additional

1  treatment, even conservative treatment, after raising these

2  symptoms.  The ALJ noted that other than a February 2018 CT

3  myelogram, the record does not reference plaintiff's

4  cervical spine issues after November 2018.  In addition,

5  there were several dates between plaintiff's surgery and

6  November of 2017 and the complaint in November 2018 during

7  which plaintiff reported that her condition had improved

8  since the surgery.

9        In addition, the record contains substantial

10  evidence reflecting plaintiff's improvement after her

11  cervical procedure in November 2017, including findings

12  documenting a full range of motion, full strength, and

13  intact neurological examinations.  These were supportable

14  reasons to discount plaintiff's subjective statements

15  regarding pain.

16        For these reasons and based upon this analysis and

17  as a result thereof, I therefore conclude and find

18  plaintiff's motion for judgment on the pleadings is denied.

19  Defendant's motion for judgment on the pleadings is granted.

20  Plaintiff's complaint is dismissed.  And the Commissioner's

21  decision denying plaintiff benefits is affirmed.

22        This constitutes the decision and reasoning of the

23  Court.

24                    - - - - -

25